Monique PREUX, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, and John L. Todd, District Director, Respondents.

No. 73–1083.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted July 12, 1973.

Decided Sept. 7, 1973.

James R. Barash, Colorado Springs, Colo. (Loa E. Bliss, Colorado Springs, Colo., on the brief), for petitioner.

Bruce R. Heurlin, Atty., Dept. of Justice (John L. Murphy, Chief, Government Regulations Section, Crim. Div., Washington, D. C., on the brief), for respondents.

Before BREITENSTEIN, McWILLIAMS and BARRETT, Circuit Judges.

McWILLIAMS, Circuit Judge.

Monique Preux, a Belgian national, has filed in this court pursuant to 8 U.S.C. § 1105(a) a petition to review an order of the Immigration and Naturalization Service that she be deported. In our view the order of deportation is proper and should be affirmed.

Preux first entered the United States on a visitor's visa on November 28, 1969, and while in the United States gave birth to a child. Preux thereafter returned with the child to Belgium and later reentered the United States with the child on June 25, 1971, on a six months nonimmigrant visitor's visa. Accordingly, the visitor's visa expired on December 24, 1971. Preux, however, did not then leave the country and has thereafter at all times resisted efforts to deport her.

After deportation proceedings, an order was entered that she be deported pursuant to the provisions of 8 U.S.C. § 1251(a)(2). The precise grounds for deportation, and this we deem to be of importance, was simply that she had overstayed the time limitation in her visitor's visa and was accordingly no longer lawfully within the United States.

Preux concedes that she has overstayed her visitor's visa, but asserts that because of the ameliorative provisions of 8 U.S.C. § 1251(f) she cannot be deported. Accordingly, 8 U.S.C. § 1251(f) is at the heart of the present controversy. That statute reads as follows:

> "The provisions of this section relating to the deportation of aliens within the United States on the ground that they were excludable at the time of entry as aliens who have sought to procure, or have procured visas or other documentation, or entry into the United States by fraud or misrepresentation shall not apply to an alien otherwise admissible at the time of entry who is the spouse, parent, or a child of a United States citizen * * *."

It is Preux's theory of the case that she obtained her six months visitor's visa as the result of fraud and misrepresentation, the fraud and misrepresentation being that when she obtained the six months visitor's visa she had a concealed intent *not* to leave at the end of six months and, on the contrary, intended to stay permanently in the United States, and that had she revealed her true intent in this regard she would have been denied a visitor's visa. Such, according to Preux, brings into play the humanitarian provisions of 8 U.S.C. § 1251(f) and precludes her deportation.

This precise argument has been recently considered, and in each instance rejected, by the Ninth and Seventh Circuits. Lourdes Cabuco-Flores v. Immigration and Naturalization Service, 477 F.2d 108 (9th Cir. 1973), and Milande v.

Immigration and Naturalization Service, 484 F.2d 774 (7th Cir. 1973).

In *Cabuco-Flores*, the Ninth Circuit held that a deportation order based on overstaying one's visitor's visa did not bring into play the provisions of 8 U.S.C. § 1251(f) because the deportation order "did not depend directly or indirectly upon the asserted misrepresentation in obtaining the visa."

In *Milande*, the Seventh Circuit "agreed" with the ruling in *Cabuco-Flores* and in like fashion held that the provisions of 8 U.S.C. § 1251(f) are "available only when the fraud is relevant to the charge for which deportation is sought."

Accordingly, in both *Cabuco-Flores* and *Milande*, it was held that one subject to a deportation order on the grounds that his visitor's visa had expired could not invoke the provisions of 8 U.S.C. § 1251(f) on the plea that when he obtained his visitor's visa he did so with fraud and misrepresentation in that he did not intend to leave when his visitor's visa expired and that he intended to stay permanently in the United States. We subscribe to both the reasoning and the result in *Cabuco-Flores* and *Milande*.

We are not unaware of Immigration and Naturalization Service v. Errico, 385 U.S. 214, 87 S.Ct. 473, 17 L.Ed.2d 318 (1966), which did not deal with an overstayed visitor's visa, but concerned two persons who had gained entry into the United States as immigrants, as opposed to visitor status, by fraud and misrepresentation. However, as was deemed to be true in both *Cabuco-Flores* and *Milande*, we believe our disposition of the present controversy to be in full accord with the reasoning of *Errico*. *Errico* suggests to us, too, that the provisions of 8 U.S.C. § 1251(f) may operate as a waiver of a deportation charge if, and only if, the deportation charge "results directly from the misrepresentation." Such is not true in the instant case.

Order affirmed.