Maria Lopez de **ROBLES,**
Petitioner,

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE,** Respondent.

No. 73–1044.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted July 12, 1973.

Decided Sept. 7, 1973.

Gene A. Lucero, Denver, Colo. (Michael A. Wolff, Marilyn T. Meadoff, and Darryl Kaneko, Denver, Colo., on the brief), for petitioner.

Bruce R. Heurlin, Atty., Dept. of Justice (John L. Murphy, Chief, Government Regulations Section, Crim. Div., Washington, D. C., on the brief), for respondent.

Before BREITENSTEIN, McWILLIAMS and BARRETT, Circuit Judges.

McWILLIAMS, Circuit Judge.

Maria Lopez de Robles, a Mexican national, has filed in this court pursuant to 8 U.S.C. § 1105a a petition to review an order of the Immigration and Naturalization Service that she be deported. In our view the order of deportation is proper and should be affirmed.

Robles entered the United States at El Paso, Texas, from Mexico, on July 10, 1968, on a one-month visitor's visa with five of her children, three of whom were United States citizens. Robles did not return to Mexico at the expiration of her visitor's visa and has thereafter at all times resisted efforts to deport her. In the interim, Robles bore two additional children in the United States, on July 14, 1970, and September 17, 1972, respectively.

As indicated, deportation proceedings were instituted against Robles and such proceedings culminated in an order that she be deported pursuant to the provisions of 8 U.S.C. § 1251(a)(2). The precise grounds for deportation, and we deem this to be of importance, was simply that she had overstayed the time limitation in her visitor's visa and accordingly was no longer lawfully within the United States.

■ Robles concedes that she overstayed her visitor's visa, but asserts that because of the ameliorative provisions of 8 U.S.C. § 1251(f) she cannot now be deported. In this regard it is Robles' theory of the case that she obtained her one-month visitor's visa as a result of fraud and misrepresentation, her fraud and misrepresentation being that when she obtained the one-month visitor's visa she had a concealed intent *not* to leave at the end of one month and, on the contrary, intended to stay permanently in the United States, and that had she revealed her true intent she would have been denied a visitor's visa. Such, according to Robles, brings into play the humanitarian provisions of 8 U.S.C. § 1251(f) and precludes her deportation.

This exact argument has just been considered by us, and rejected, in Preux v. Immigration and Naturalization Service, 484 F.2d 396 (10th Cir., filed September 7, 1973). In *Preux*, we held that one subject to a deportation order on the grounds that his visitor's visa had expired could not invoke the provisions of 8 U.S.C. § 1251(f) on the plea that when he obtained his visitor's visa he did so with fraud and misrepresentation in that he did not intend to leave when his visitor's visa expired and that he in fact intended to stay permanently in the United States. In thus holding, we reasoned that the provisions of 8 U.S.C. § 1251(f) do not come into play unless the deportation charge and order be in some manner related to the antecedent fraud and misrepresentation in obtaining the visa. In *Preux*, as in the instant case, the deportation order was based on the simple fact that the visitor's visa had expired, which grounds was in nowise tied into the alleged antecedent fraud in obtaining the visitor's visa. On the basis of *Preux*, then, we hold that Robles cannot avail herself of the provisions of 8 U.S.C. § 1251(f) in her efforts to fend off deportation.

■ There was evidence that on June 15, 1959, Robles was apprehended when attempting to enter the United States by wading the river near El Paso, Texas, and that she was allowed to voluntarily return to Mexico without any formal deportation hearing or order. Similarly,

on April 4, 1967, Robles was denied entry and allowed to return to Mexico when she attempted to gain entry by making a false claim to United States citizenship under the name of Christina Sworez.

Robles argues that the two incidents set forth in the preceding paragraph wherein she sought, unsuccessfully in each instance, to procure entry by fraud, are themselves sufficient to invoke the provisions of 8 U.S.C. § 1251(f). On the one hand, says Robles, those two incidents constitute objective evidence which supports her claim that when she subsequently obtained the one-month visitor's visa, she had the concealed subjective intent to stay beyond her visitor's visa. Alternatively, Robles suggests that the two prior occasions where she sought to procure entry by fraud, i. e., wading the river on the first occasion and using the name of another on the second occasion, are in themselves sufficient to bring the provisions of 8 U.S.C. § 1251(f) into play. In this latter connection, counsel seems to argue that 8 U.S.C. § 1251(f) is available as a defense in a deportation proceeding in the situation where one does not gain entry by fraud, but is in fact turned back when attempting to gain entry by fraud, but nonetheless is thereafter somehow able to gain entry into the United States. Counsel commendably concedes that this latter argument is "unique" and that there is no case law in point. We agree that such would be a most unique construction to give 8 U.S.C. § 1251(f) and would permit a bootstrap operation of the rankest order. We also agree that such finds no sanction in the law.

■ Be all this as it may, in the light of *Preux*, neither of these two prior incidents where Robles unsuccessfully sought entry by fraud is of any significance. Repeating ourselves, under *Preux*, the provisions of 8 U.S.C. § 1251(f) are only available when the basis for the deportation order relates in some manner to the antecedent fraud. Here, as in *Preux*, the reason for the deportation order is the simple and undisputed fact that the visitor in question had overstayed her visa.

■ Finally, Robles argues in broad terms that her deportation is in violation of the Fifth Amendment. In this regard, she claims that it is unconstitutional to thus break up the Robles family and thereby deprive her children of their constitutional right to a continuation of the family unit. The cases cited in support of the foregoing line of argument are inapposite and we deem the argument itself to be without merit. *See*, for example, Silverman v. Rogers, 437 F.2d 102 (1st Cir. 1970), and Perdido v. Immigration and Naturalization Service, 420 F.2d 1179 (5th Cir. 1969), and the citation of authority in each. In *Silverman* and *Perdido*, consideration was given to the incidental impact of immigration and naturalization laws on the marriage status and on the family unit where there be minor children involved, and in each case it was concluded that such incidental impact is not in and of itself significant and does not raise constitutional problems.

Order affirmed.