**Barbara Ann RIVA, Renato Riva, Plaintiffs,**

v.

**The ATTORNEY GENERAL OF the UNITED STATES, Defendant.**

**Civ. A. No. 74–15.**

United States District Court, District of Columbia, Civil Division.

June 17, 1974.

---

Jack Wasserman, Washington, D.C., Elmer Fried, Fried, Fragomen & Del-Rey, New York City, for plaintiffs.

Richard I. Chaifetz, Dept. of Justice, Washington, D.C., for defendant.

Before McGOWAN, Circuit Judge, and SMITH and GESELL, District Judges.

OPINION

PER CURIAM:

This action challenges the constitutionality of section 212(a)(22) of the Immigration and Nationality Act (hereinafter "Act"), 8 U.S.C. § 1182(a)(22), providing that aliens who have departed the United States in time of war or national emergency for the purpose of avoiding or evading military training or service, are ineligible to receive visas and shall be excluded from admission into the United States.[1] The court finds that it lacks jurisdiction over the subject matter and accordingly grants defendant's motion to dismiss.

Renato Riva is a citizen of Peru and his wife, Barbara Ann Riva, is a citizen of the United States. For purposes of this decision, it is sufficient to note that on January 7, 1969, Mr. Riva was found by a Special Inquiry Officer to be excludable from the United States under section 212(a)(22) of the Act. This decision was subsequently affirmed by the Board of Immigration Appeals and by the United States District Court for the District of New Jersey and the United States Court of Appeals for the Third Circuit. Riva v. Mitchell, 460 F.2d 1121 (3rd Cir. 1972), cert. denied, 411 U.S. 932, 93 S.Ct. 1898, 36 L.Ed.2d 391 (1973). Thereafter, the Immigration and Naturalization Service commenced deportation proceedings against Mr. Riva. The Special Inquiry Officer found him to be deportable and this ruling was eventually affirmed by the Third Circuit Court on April 13, 1974, 475 F.2d 1396, cert. denied, 414 U.S. 1024, 94 S.Ct. 448, 38 L.Ed.2d 315 (1973). The present action was filed January 7, 1974. Plaintiffs' motion for

---

1. 8 U.S.C. § 1182(a)(22) provides:

(a) Except as otherwise provided in this chapter, the following classes of aliens shall be ineligible to receive visas and shall be excluded from admission into the United States:

&ast; &ast; &ast; &ast; &ast;

(22) Aliens who are ineligible to citizenship, except aliens seeking to enter as nonimmigrants; or persons who have de-

parted from or who have remained outside the United States to avoid or evade training or service in the armed forces in time of war or a period declared by the President to be a national emergency, except aliens who were at the time of such departure nonimmigrant aliens and who seek to reenter the United States as nonimmigrants;

a temporary restraining order staying Mr. Riva's deportation was granted by the single district judge in the case pending our review.

 Subject matter jurisdiction for the district court relative to controversies under the Act is set forth in section 279 of the Act, 8 U.S.C. § 1329, which provides in part:

"The district courts of the United States shall have jurisdiction of all cases, civil and criminal, arising under any of the provisions of this subchapter."

Notwithstanding this statutory grant, Congress has provided for judicial review of "final orders of deportation" exclusively in the court of appeals. 8 U. S.C. § 1105a.[2] The scope of judicial review under sec. 1105a embraces only those determinations made during a deportation proceeding conducted under 8 U.S.C. § 1252(b), including those determinations made incident to a motion to reopen such proceedings. Cheng Fan Kwok v. Immigration Serv., 392 U.S. 206, 216, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968). This limitation has been interpreted to permit consideration of constitutional infirmities by the court of appeals which, if well taken, would void the deportation order. Pilapil v. Immigration Serv., 424 F.2d 6, 9 (10th Cir. 1970), cert. denied, 400 U.S. 908, 91 S. Ct. 152, 27 L.Ed.2d 147 (1970). This construction is consistent with the Congressional purpose behind the section which was one of expediting deportation by removing the opportunity for initial review in the district courts. Foti v. Immigration Serv., 375 U.S. 217, 226, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963); Mar-

cello v. Attorney General of U. S., D.C. Cir., 1974, 495 F.2d 171.

 In our view, the Third Circuit Court of Appeals is the appropriate forum for review of the instant constitutional issues. The failure to timely raise these issues cannot negate the exclusive jurisdictional grant conferred upon that Court by sec. 1105a(a).

The court finding that it lacks jurisdiction over the subject matter of this action, the defendant's motion to dismiss is granted, the temporary restraining order is dissolved, and the case is dismissed.

So ordered.

2. 8 U.S.C. § 1105a provides in part:
1105a. Judicial review of orders of deportation and exclusion
(a) Exclusiveness of procedure.
   The procedure prescribed by, and all the provisions of sections 1031 to 1042 of Title 5, shall apply to, and shall be the sole and exclusive procedure for, the judicial review of all final orders of deportation heretofore or hereafter made against aliens within the United States pursuant to administrative proceedings under section

1252(b) of this title or comparable provisions of any prior Act, except that—
   *       *       *       *       *
Venue.
   (2) the venue of any petition for review under this section shall be in the judicial circuit in which the administrative proceedings before a special inquiry officer were conducted in whole or in part, or in the judicial circuit wherein is the residence, as defined in this chapter, of the petitioner, but not in more than one circuit;