**Funmilayo SHODEKE and Folarin Shodeke, Plaintiffs,**

v.

**The ATTORNEY GENERAL OF the UNITED STATES, Defendant.**

**Civ. A. No. 75–0380.**

United States District Court, District of Columbia.

March 25, 1975.

Samuel Jay Levine, Washington, D. C., for plaintiffs.

Richard I. Chaifetz, Atty., Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM–ORDER

GASCH, District Judge.

· This matter is before the Court on plaintiffs' motion for a temporary restraining order, preliminary injunction and request for the convening of a three-judge court pursuant to 28 U.S.C. § 2282 (1970).[1] The Court will deny the various motions of plaintiffs and dismiss the case for lack of subject matter jurisdiction.

### I. *Facts.*

The material facts herein are simple. Plaintiffs are husband and wife, citizens of Nigeria, who came to this country as visitors. The husband's status later became that of a student. Eventually, however, both overstayed their permitted time. An order to show cause was served on both plaintiffs but was withdrawn when both agreed to depart voluntarily. They failed to depart as agreed and challenged their deportation.[2]

Before the immigration judge plaintiffs conceded deportability under the statute[3] but asserted that the statute was unconstitutional. The immigration judge, finding that he had no power to consider such a constitutional challenge, issued an order of deportation on October 9, 1974. Plaintiffs took an appeal to the Board of Immigration Appeals, again urging that the statutes in question were unconstitutional. The Board denied plaintiffs' appeal on January 20, 1975. In so doing, the Board held that plaintiffs' constitutional attack was without merit. On March 12, 1975, plaintiffs were ordered to report on March 20, 1975, for deportation. This action was filed on March 18, 1975.

1. The case was heard on March 21, 1975, by Judge Corcoran, sitting as motions judge, since the judge to whom the case was assigned was presiding over a criminal trial. Judge Corcoran entered an order restraining any further action by defendant until the Judge to whom the case was assigned could have a hearing on the matter. That hearing has now been held.

2. The Court has recited only such facts as are material here. The full facts may be found in the reports of the administrative proceedings. *See* In the Matter of Shodeke, No. A20 141 639–Washington, D. C., Immigration and Naturalization Service, Oral Decision of Immigration Judge (decided October 9, 1974). Copies of the relevant proceedings are filed with this Memorandum-Order.

3. Deportation proceedings were grounded on violations of § 241(a) of the Immigration and Nationality Act. 8 U.S.C. § 1251(a) (1970). The proceedings themselves were conducted under 8 U.S.C. § 1252(b) (1970).

In the present case, plaintiffs again urge the unconstitutionality of 8 U.S.C. § 1251(a). The basis for this claim may be simply stated. Plaintiffs point out that their daughter is clearly an American citizen. Deportation, they say, would either deprive her of her right to be brought up in the United States or deprive her of her right to a family life with her natural parents (and also deprive the parents of their right to raise their child). This position has been consistently maintained by the plaintiffs from the beginning of the deportation proceedings.

In this Court, however, plaintiffs adduce an additional theory. They note that 8 U.S.C. § 1151(a) (1970) provides that the immediate relatives of an American citizen may be exempted from immigration quotas. Where the immediate relatives are parents, however, the American citizen must be over 21 years of age to make the parents eligible for such exemption. 8 U.S.C. § 1151(b) (1970). In this statutory scheme plaintiffs discern unconstitutional discrimination by age.

## II. *The Law.*

█ Plaintiffs seek to predicate the jurisdiction of this Court on 8 U.S.C. § 1329 (1970), which provides that the District Court has jurisdiction over all causes, civil and criminal, arising under the Immigration and Nationality Act. This grant of jurisdiction, however, is at least partly modified by 8 U.S.C. § 1105a (1970). This section provides that judicial review of a final deportation order shall be had exclusively under the terms of what is now 28 U.S.C. §§

2341–2350 (1970).[4] Such review would be lodged in the appropriate Court of Appeals.

The apparent statutory conflict has been resolved by the Supreme Court. In Cheng Fan Kwok v. Immigration & Naturalization Service, 392 U.S. 206, 88 S. Ct. 1970, 20 L.Ed.2d 1037 (1968), the Court (per Harlan, J.) held that the Courts of Appeals had exclusive jurisdiction of all cases challenging a final deportation order or any orders made in the course of a deportation proceeding.[5]

█ Appeals of orders denying ancillary relief, however, were properly in the District Courts. Thus, an appeal from the denial of a request to reopen a deportation proceeding [6] or review of a refusal to suspend deportation [7] is properly before a Court of Appeals. The administrative denial of a request to stay deportation, or other ancillary relief, may properly be reviewed in the District Courts.[8] It has been held that the power of the Courts of Appeals to review deportation orders extends to constitutional challenges to such orders.[9]

## III. *Conclusions.*

Plaintiffs argue that they do not here challenge the validity of the deportation order. Rather, they challenge the constitutionality of the statutes on which the order was based. Hence, they say, this case does not seek review of a final deportation order. Instead, the plaintiffs state that they desire a judgment directed against the statutory underpinning of the order. They do not explain the distinction which they draw between a constitutional attack on the validity of

4. Formerly 5 U.S.C. §§ 1031–1042.

5. Cheng Fan Kwok merely clarified an earlier decision. *See* Foti v. Immigration & Nat. Ser., 375 U.S. 217, 84 S.Ct. 306, 11 L. Ed.2d 281 (1963).

6. Giova v. Rosenberg, 379 U.S. 18, 85 S.Ct. 156, 13 L.Ed.2d 90 (1964).

7. Foti v. Immigration & Nat. Ser., 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963). Requests for suspension of deportation must be made during the deportation proceeding.

8. Cheng Fan Kwok v. Immigration & Nat. Ser., 392 U.S. 206, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968); Lam Tat Sin v. Esperdy, 227 F.Supp. 482 (S.D.N.Y.) aff'd 334 F.2d 999 (2d Cir.), cert. denied 379 U.S. 901, 85 S.Ct. 190, 13 L.Ed.2d 176 (1964).

9. Pilapil v. Immigration & Nat. Ser., 424 F. 2d 6 (10th Cir. 1970); Riva v. Attorney General, 377 F.Supp. 1286 (D.D.C.1974) (three-judge court).

the order and such an attack on the statutes on which the order is based.[10]

From the very beginning of the administrative proceedings herein, plaintiffs have sought to interpose a constitutional defense to their deportation. The same challenge has been interposed at all levels, although another theory has been added in this Court. From the start, then, plaintiffs have viewed their constitutional theories as a complete defense in the deportation proceedings against them. Only after the defense failed before the administrative tribunals did plaintiffs seek to establish the distinction between the direct attack on the deportation order (which concededly would not be properly in this Court) and the indirect attack on the statutes underlying the deportation order (which, it is said, is properly here). Plaintiffs' constitutional attack on the statute, if successful, would naturally overturn the deportation order just as if the order's validity had been directly impugned.

■ In the circumstances of this case, the Court cannot perceive the distinction urged by plaintiffs. Their theory would take matters urged before the administrative tribunals as defenses to the deportation order and convert them to something else before this Court. What we have here is no more than a request, based on constitutional grounds, to review a final deportation order. Such matters are for the Court of Appeals. Riva v. Attorney General, 377 F. Supp. 1286 (D.D.C.1974) (three-judge court). There is thus no need for the Court to consider the propriety of plaintiffs' request for a three-judge court to consider this case.[11]

Accordingly, it is by the Court this 25th day of March, 1975,

Ordered that the temporary restraining order issued herein be, and it hereby is, vacated and dissolved; and it is further

Ordered that plaintiffs' motion for a preliminary injunction be, and the same hereby is, denied; and it is further

Ordered that this action be, and it hereby is, dismissed for lack of subject matter jurisdiction.

---

10. It is possible, of course, to imagine an attack on the order grounded solely on a failure of procedural due process. Such is not the case here.

11. It may be said, however, that there is substantial doubt whether plaintiffs have here posed a constitutional question significant enough to merit the convening of a three-judge court. See Kleindienst v. Mandel, 408 U.S. 753, 92 S.Ct. 2576, 33 L.Ed.2d 683 (1972) (Court will not weigh First Amendment interests against Executive's reason for exclusion of alien); De Figueroa v. Immigration & Nat. Ser., 501 F.2d 191 (7th Cir. 1974) (valid marriage to American citizen does not prevent deportation); Cervantes v. Immigration & Nat. Ser., 510 F.2d 89 (10th Cir. 1975) (no Ninth Amendment right to avoid deportation where parents have minor child who is American citizen); Robles v. Immigration & Nat. Ser., 485 F.2d 100 (10th Cir. 1973) (mother of American citizens being deported presents no substantial constitutional problem); Aalund v. Marshall, 461 F.2d 710 (5th Cir. 1972) (deportation of mother of American citizen not vitiated or made arbitrary by fact that her child might suffer "de facto" deportation); Silverman v. Rogers, 437 F.2d 102 (1st Cir. 1970), cert. denied 402 U.S. 983, 91 S.Ct. 1667, 29 L.Ed.2d 149 (1971) (deportation of alien married to American citizen deprives no one of constitutional right); Perdido v. Immigration & Nat. Ser., 420 F.2d 1179 (5th Cir. 1969) (right of citizen-child to remain here not violated by deportation of alien parents); Mendez v. Major, 340 F.2d 128 (8th Cir. 1965) (deportation may occur even if there is hardship to citizen-spouse or child of alien); Faustino v. Immigration & Nat. Ser., 302 F.Supp. 212 (S.D.N.Y.1969) aff'd 432 F.2d 429 (2d Cir. 1970), cert. denied 401 U.S. 921, 91 S.Ct. 909, 27 L.Ed.2d 824 (1971) (court refuses to convene three-judge court and grants summary judgment for defendant where claim made that 21 years of age requirement under 8 U.S.C. § 1151(b) was unconstitutional).