William D. Anthony, Pittsburgh, Pa., for plaintiffs.

Judith Giltenboth, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

Siddalingappa BESAGANAHALLI and Neelamba Besaganahalli, Plaintiffs,

v.

The UNITED STATES DEPARTMENT OF JUSTICE, IMMIGRATION AND NATURALIZATION SERVICE, Defendant.

Civ. A. No. 77–734.

United States District Court,
W. D. Pennsylvania.

Dec. 15, 1977.

MEMORANDUM

ROSENBERG, District Judge.

This matter is now before me based on the motion of the United States to dismiss the complaint and for summary judgment pursuant to Federal Rule of Civil Procedure 56 in an action filed by the plaintiffs, Siddalingappa Besaganahalli and Neelamba Besaganahalli, husband and wife.

From an examination of the administrative record, the following facts are evident. Both of the plaintiffs entered the United States as non-immigrant students on F–1 visas, Siddalingappa on February 5, 1973 and Neelamba on May 24, 1975 from India and both remained after their expiration dates. They were granted the privilege of voluntary departure until October 21, 1976; however neither had left by then and because of Neelamba's pregnancy the privi-

lege was extended until June 5, 1977, following a hearing on April 15, 1977. If neither left voluntarily by that time an alternate order for their departure would be effective and would then be issued. Both plaintiffs waived their right to appeal to the Board of Immigration Appeals. The plaintiffs were represented by counsel at that hearing. Both failed to depart by June 5, 1977 and warrants were issued against them on June 6, 1977.

The plaintiffs invoke jurisdiction under 8 U.S.C. § 1105a and claim that as aliens living in the United States, the Officer in Charge at the Immigration and Naturalization Service (1) denied them a further deportation hearing based on changes in circumstances where their employer received no adequate replacements for them; (2) denied them extra time when asked because of medical problems; and (3) acted in an arbitrary and capricious manner denying them due process of law.

The defendant moves for summary judgment or to dismiss the complaint alleging that (1) the plaintiffs failed to exhaust their administrative remedies; (2) this court is without subject matter jurisdiction; (3) the plaintiffs failed to state a claim upon which relief can be granted; (4) the plaintiffs waived their administrative remedies; and (5) the statute of limitations has run.

After a thorough review of the pleadings, affidavits and portions of administrative record filed in this matter, the plaintiffs have supplied no support for their allegations listed in their complaint or brief and they have had ample time to do so. The plaintiffs requested a trial de novo as to the merits of their remaining in the United States and an injunctive order staying the deportation or permitting them an administrative appeal.

These facts remain uncontroverted: (1) the plaintiffs have made no formal request for a stay of deportation at the administrative level; (2) the plaintiffs waived their right to appeal the decision of the officer in charge; (3) no evidence of any medical problems has been shown; and (4) there has been no objection to any evidence filed by the United States which consists of part of the administrative record and the affidavit of Robert Godshal, Officer in Charge of the United States Immigration and Naturalization Service in Pittsburgh, Pennsylvania.

Pursuant to 8 U.S.C. § 1105a, no review by a court shall be had if the alien has not exhausted his administrative remedies. More importantly, it is not within the jurisdiction of the district court to review the validity of deportation orders but rather with the court of appeals. *Acosta v. Gaffney*, 558 F.2d 1153, C.A. 3, 1977.

Since no formal request for a stay was submitted to the Immigration and Naturalization Service (8 CFR 243.4), the plaintiffs are merely asking this Court for a review of a deportation order. However, no jurisdiction lies on two counts. The first is that there has been no exhaustion of administrative remedies and second, the proper place for review of deportation orders, excluding ancillary issues is with a court of appeals. If a stay of deportation were properly submitted to the defendant, and if it formed the basis for this action, a district court would then have the requisite jurisdiction. *Acosta, supra*. The plaintiffs have raised nothing more than an allegation that the defendant abused its discretion in making its determination.

Accordingly, the defendant's motion for summary judgment will be granted pursuant to Federal Rule of Civil Procedure 56, because this Court lacks subject matter jurisdiction and no genuine issue of material fact is present.