**Antonio REYES and Gregoria C. Reyes, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 77–1516.**

United States Court of Appeals, Ninth Circuit.

March 15, 1978.

---

Hiram W. Kwan, Los Angeles, Cal., for petitioners.

Robert E. West, Asst. U. S. Atty., Los Angeles, Cal., for respondent.

Before HUFSTEDLER, SNEED, and KENNEDY, Circuit Judges.

KENNEDY, Circuit Judge:

 Antonio and Gregoria Reyes were found deportable by a special inquiry officer of the Immigration and Naturalization Service (I&NS). They appealed this decision to the Board of Immigration Appeals ("BIA" or "Board") and on April 5, 1976 the Board affirmed. On February 9, 1977, they petitioned the Board to reopen the deportation proceedings and also requested the Board to stay deportation pending its consideration of the motion to reopen. The Board declined to stay the previous order of deportation, and four days later petitioners filed for review with this court. We find that we are without jurisdiction to review the Board's denial of a stay of deportation while the motion to reopen proceedings is still pending before the Board. We therefore dismiss the petition.

The courts of appeals are given exclusive jurisdiction to review final orders of specified federal agencies in 28 U.S.C. §§ 2341–51 (1970 & Supp. V 1975). The Immigration and Nationality Act (Act), in section 106(a), prescribes that these procedures for judicial review "shall apply to, and shall be the sole and exclusive procedure for, the judicial review of all final orders of deportation . . . made against aliens . . pursuant to administrative proceedings under section 1252(b) of this title [section 242(b) of the Act] . . . ." 8 U.S.C. § 1105a(a). In the instant case the petition to the court of appeals challenges the denial of a stay. As such it is inappropriate because it does not request review of a "final order of deportation" but rather of a discretionary denial of interim relief. *See Cheng Fan Kwok v. Immigration and Naturalization Service*, 392 U.S. 206, 212 & n. 11, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968) (denial of stay of deportation by district director not literally a final order of deportation).

Moreover, in this case denial of a stay of deportation by the BIA is not the functional equivalent of a final order of deportation. The order here is thus distinguishable from that considered in *Foti v. Immigration and Naturalization Service*, 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963), where the Court held that courts of appeals have exclusive jurisdiction to review discretionary determinations of the Attorney General relating to suspension of deportation. Central to the holding in *Foti* was that a single

proceeding before a special inquiry officer determined both deportability and the application for suspension of deportation. In such a proceeding either a final order of deportation or a grant of suspension of deportation could be rendered and when suspension was granted no deportation order would be entered. *Id.* at 222–23, 84 S.Ct. 306. The Court concluded that the term "final order of deportation" as used in section 106(a) includes "a denial of discretionary relief, made during the same proceedings in which deportability is determined, which effectively terminates the proceeding." *Id.* at 224, 84 S.Ct. at 311. It followed that the court of appeals had jurisdiction to review a denial of suspension. In this case, the denial of a stay is not a decision of the I&NS made after addressing the substantive merits of the case before it. There will be no order which terminates the proceedings until the motion to reopen is denied or the proceedings are reopened and concluded. Thus denial of a stay pending consideration of a motion to reopen does not constitute a final order of deportation or its functional equivalent.

■ This is not to say that a denial of a stay of deportation such as that entered by the BIA can never be reviewed in the first instance by a court of appeals. "Review of the denial of discretionary relief is ancillary to the deportability issue, and both determinations should therefore be made by the same court at the same time." *Id.* at 227, 84 S.Ct. at 313; *see Antolos v. Immigration and Naturalization Service,* 402 F.2d 463,

464 (9th Cir. 1968). The denial of the stay pending consideration of the motion to reopen would be reviewable on a petition to review a denial of the motion to reopen, as a determination made during and incident to a section 242(b) proceeding. *Cheng Fan Kwok v. Immigration and Naturalization Service,* 392 U.S. 206, 216, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968); *see Giova v. Rosenberg,* 379 U.S. 18, 85 S.Ct. 156, 13 L.Ed.2d 90 (1964) (per curiam) (order denying motion to reopen appealable and within the exclusive jurisdiction of the court of appeals).[1]

This analysis of the proper timing of review is compatible with Congress' intention that section 106(a) correct abuses in the process of judicial review of deportation orders. Prior to the enactment of section 106(a), successive appeals had been used as a dilatory tactic which allowed petitioners to postpone the execution of deportation orders. The House Judiciary Committee report stated that the plain objective of section 106(a) was "to create a single, separate, statutory form of judicial review of administrative orders for the deportation and exclusion of aliens . . . ." H.R.Rep.No. 1086, 87th Cong., 1st Sess. 22–23, *reprinted in* [1961] U.S.Code Cong. & Admin.News at 2966. We have previously noted that:

. . . Congress visualized a single administrative proceeding in which all questions relating to an alien's deportation would be raised and resolved, followed by a single petition in a court of appeals for judicial review . . . .

---

1. In *Cheng Fan Kwok v. Immigration and Naturalization Service,* 392 U.S. 206, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968), the Supreme Court held that denial of a discretionary stay by a district director of immigration was not reviewable by the court of appeals pursuant to section 106(a) because it had not been entered "pursuant to administrative proceedings under [section 242(b) of the Act]." A stay of an order of deportation pending decision on a motion to reopen is also a form of discretionary relief, but it is entered by the BIA or the special inquiry officer pursuant to different authority than that which grants a district director the power to stay deportation. *Compare* 8 C.F.R. § 3.6(b) (1977) (stay pending decision on motion to reopen; note that motions to reopen are to be directed to the BIA whenever the case has

previously been before the Board, *id.* § 242.22) *with id.* § 243.4 (stay of deportation by district director). Unlike a district director's discretionary stay, which is entered in a proceeding entirely distinct from section 242(b) deportation proceedings, a stay pending a ruling on a motion to reconsider is ancillary to section 242(b) deportation proceedings. *Kwok* itself distinguishes stay orders made incident to a motion to reopen from the situation before the Court in that case. 392 U.S. at 213, 216, 88 S.Ct. 1970. Thus this case is governed by the directive in *Foti* that when "[r]eview of the denial of discretionary relief is ancillary to the deportability issue, . . . both determinations should . . . be made by the same court at the same time." 375 U.S. at 227, 84 S.Ct. at 313.

508

*Yamada v. Immigration and Naturalization Service,* 384 F.2d 214, 218 (9th Cir. 1967), *quoted in Cheng Fan Kwok v. Immigration and Naturalization Service,* 392 U.S. 206, 215, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968).

Postponing review of discretionary rulings made in the course of deportation proceedings until the final outcome of the proceedings is consistent with both the letter and the intent of section 106(a).[2]

The petition for review is DISMISSED.

---

**2.** It is possible to interpret the petition filed with this court as an appeal from the original order of deportation affirmed by the Board on April 5, 1976. On this reading of petitioners' request for relief, this court lacks jurisdiction since the appeal was not timely. Section 106(a)(1) of the Act, 8 U.S.C. § 1105a(a)(1), requires that a petition for review be filed within six months from the date of the final deportation order. *Loza-Bedoya v. Immigration and Naturalization Service,* 410 F.2d 343, 346 (9th Cir. 1969). Petitioners did not meet this deadline.