**TE KUEI LIU, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.**

**Civ. A. No. H–80–14.**

United States District Court,
S. D. Texas,
Houston Division.

Jan. 11, 1980.

Harry Gee, Jr., Houston, Tex., for petitioner.

Arthur R. Amdur, Asst. U. S. Atty., Houston, Tex., for respondent.

## MEMORANDUM AND ORDER

CIRE, District Judge.

Te Kuei Liu has filed a motion for temporary restraining order and a petition for

writ of habeas corpus seeking to prevent the Immigration and Naturalization Service from deporting him. Petitioner was found to be deportable under Section 241(a) of the Immigration and Nationality Act of 1952, 8 U.S.C. § 1251(a), as an alien who was excludable at the time of his entry into the United States. For the reasons that follow, this Court has determined that it lacks jurisdiction to consider either of Petitioner's requested forms of relief.

 Section 279 of the Immigration and Nationality Act of 1952, 8 U.S.C. § 1329, confers upon a district court jurisdiction over all causes arising under the provisions of Title 8, United States Code. District Court jurisdiction is limited, however, by Section 106(a) of the Act, 8 U.S.C. § 1105a(a), which confers exclusive jurisdiction upon the Courts of Appeals to review final orders of deportation made against aliens pursuant to Section 242(b) of the Act, 8 U.S.C. § 1252(b). *Fleurinor v. Immigration and Naturalization Service,* 585 F.2d 129 (5th Cir. 1978); *Reyes v. Immigration and Naturalization Service,* 571 F.2d 505 (9th Cir. 1978); *Acosta v. Gaffney,* 558 F.2d 1153 (3rd Cir. 1977). Application of Section 106(a) is restricted to review of orders entered during proceedings to determine deportability conducted pursuant to Section 242(b), 8 U.S.C. § 1252(b), or direct challenges to deportation orders themselves. *Cheng Fan Kwok v. Immigration and Naturalization Service,* 392 U.S. 206, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968); *Butterfield v. Immigration and Naturalization Service,* 133 U.S.App.D.C. 135, 409 F.2d 170 (D.C.Cir. 1969). The controlling intention of Congress, in enacting Section 106(a), was to prevent delays in the deportation process by vesting in the Courts of Appeals exclusive jurisdiction to review "all final orders of deportation." *Foti v. Immigration and Naturalization Service,* 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963).

Section 106(a)(9), 8 U.S.C. § 1105a(a)(9), makes apparent exception to exclusive Court of Appeals jurisdiction and provides that "any alien held in custody pursuant to an order of deportation may obtain judicial review thereof by habeas corpus proceedings." The type of review by habeas corpus proceedings that may be had in this Court over deportation proceedings is at issue herein. Petitioner seeks relief from a deportation order entered against him by the INS that was, he maintains, entered "under an erroneous conclusion of law." Thus, his challenge is aimed directly at the propriety of the INS determination as to his deportability conducted pursuant to Section 242(b), 8 U.S.C. § 1252(b).

 Further analysis must not lose sight of the following principles that govern review of deportation matters. First, exclusive jurisdiction over all final orders of deportation made pursuant to Section 242(b) of the Act, 8 U.S.C. § 1252(b), lies in the Court of Appeals. *Cheng Fan Kwok v. Immigration and Naturalization Service, supra.* Second, no review shall be had in any court if the alien has not exhausted his administrative remedies. 8 U.S.C. § 1105a; *Acosta v. Gaffney,* 558 F.2d 1153 (3rd Cir. 1977); *Besaganahalli v. United States,* 442 F.Supp. 60 (W.D.Pa.1977).

An alien "under a final administrative order of deportation" may apply to the district director "having jurisdiction over the place where the alien is at the time of filing" for a stay of deportation. 8 C.F.R. § 243.4. Such a stay may be granted by the district director "in his discretion." *Id.* A district director's discretionary stay is entered in a proceeding entirely distinct from Section 242(b) [8 U.S.C. § 1252(b)] deportation proceedings. *Reyes v. Immigration and Naturalization Service, supra,* 571 F.2d at 507. Distinction has been made over jurisdiction to review "final orders of deportation" and orders denying applications for "discretionary relief from deportation." See *Reyes v. Immigration and Naturalization Service,* 571 F.2d 505 (9th Cir. 1978); *United States ex rel. Parco v. Morris,* 426 F.Supp. 976 (E.D.Pa.1977). The Supreme Court has recognized that the result of this jurisdictional distinction means that "on occasion, the review of denials of discretionary relief will be conducted separately from the review of an order of deportation in-

volving the same alien." *Cheng Fan Kwok v. Immigration and Naturalization Service, supra,* 392 U.S. at 217, 88 S.Ct. at 1977.

 Habeas corpus is an appropriate procedure for district court review of the denial of discretionary relief from deportation where deportability itself is not in issue. *United States ex rel. Parco v. Morris, supra; United States ex rel. Marcello v. District Director,* 472 F.Supp. 1199 (E.D.La. 1979). Thus, if petitioner had properly submitted a stay of deportation to the INS district director and if its denial formed the basis of this action, this Court would have the requisite jurisdiction to review such discretionary denial. *Besaganahalli v. United States,* 442 F.Supp. 60 (W.D.Pa.1977).

District Court authority to review orders denying ancillary relief in deportation proceedings is equally applicable to requests for injunctive or declaratory relief. *United States ex rel. Parco v. Morris, supra; Shodeke v. Attorney General of United States,* 391 F.Supp. 219 (D.D.C. 1975). This jurisdiction has been termed exclusive. *Butterfield v. Immigration and Naturalization Service,* 133 U.S.App.D.C. 135, 409 F.2d 170 (D.D.Cir. 1969).

Accordingly, the Court concludes that it is without jurisdiction to entertain either of Petitioner's challenges to his order of deportation. Petitioner's Motion for Temporary Restraining Order and Petition for Writ of Habeas Corpus are herewith DISMISSED.

It is so ORDERED.