**In re the Matter of Rosa Maria MELJARAJO.**

No. 82 C 5815.

United States District Court, N.D. Illinois, E.D.

Oct. 13, 1982.

Cyriac D. Kappil, Chicago, Ill., for petitioner.

Robert Vinikoor, Sp. Asst. U.S. Atty., Chicago, Ill., for respondent.

MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

In this action, petitioner Rosa Maria Meljarajo seeks a writ of habeas corpus to prevent the Immigration and Naturalization Service from deporting her. Pursuant to Section 241(a)(2) of the Immigration and Naturalization Act of 1952, 8 U.S.C.

§ 1251(a)(2), petitioner was found by an Immigration Judge to be deportable for having entered the United States without inspection, and an Order of Deportation was issued when she failed to depart voluntarily by May 16, 1982. Petitioner waived her right to appeal the result of the deportation hearing, and now seeks relief before this Court. For the reasons set forth below, this Court lacks jurisdiction to consider petitioner's request for relief.

Section 279 of the Immigration and Naturalization Act of 1952, 8 U.S.C. § 1329, confers upon a district court jurisdiction over all causes arising under Title 8, United States Code. However, this jurisdiction is limited by Section 106(a) of the Act, 8 U.S.C. § 1105a(a), which confers exclusive jurisdiction upon the Courts of Appeals to review final orders of deportation made against aliens pursuant to Section 242(b) of the Act, 8 U.S.C. § 1252(b). *See Foti v. Immigration and Naturalization Service,* 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963).

 As petitioner points out, section 106(a)(9), 8 U.S.C. § 1105a(a)(9), makes exception to the exclusive Court of Appeals jurisdiction by providing that any alien held pursuant to a deportation order may obtain judicial review by habeas corpus proceedings. Habeas corpus is an appropriate procedure to review the denial of discretionary relief from deportation where deportability itself is not in issue. *United States ex rel. Parco v. Morris,* 426 F.Supp. 976, 978 n. 4 (E.D.Pa.1977).

Petitioner contends that because she is challenging her deportation hearing on due process grounds and is not contesting her deportability, a habeas corpus proceeding is appropriate. Constitutional challenges to deportation hearings, however, have been held to be challenges to the validity of the deportation order itself and thus within the jurisdiction of the Courts of Appeals. *See, e.g., Daneshvar v. Chauvin,* 644 F.2d 1248, 1250 (8th Cir.1981); *Shodeke v. Attorney General,* 391 F.Supp. 219, 222 (D.D.C.1975).

Moreover, 8 U.S.C. § 1105a proscribes that review by a court is not permitted where the alien has failed to exhaust his administrative remedies. *Te Kuei Liu v. Immigration and Naturalization Service,* 483 F.Supp. 107, 108 (S.D.Tex.1980); *Besaganahalli v. United States,* 442 F.Supp. 60, 61 (W.D.Pa.1977). Petitioner in the instant case neither appealed the decision of the Immigration Judge (as she could have pursuant to 8 C.F.R. 242.21), nor filed for a stay of deportation pursuant to 8 C.F.R. 243.4. Thus, even if her challenge were appropriate for habeas review, her failure to exhaust administrative remedies would also preclude review by this Court.

Accordingly, this Court being without jurisdiction to consider the petition for writ of habeas corpus, the petition is therefore dismissed. It is so ordered.