**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 11 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

AMERICAN CITIZEN CHILDREN
##1-1,375, all minors, by and
through their next best friend
SANDRA RODRIGUES,

        Plaintiffs-Appellants,

   and

BELEN VERDUZCO,

        Plaintiff,

v.

JOHN ASHCROFT, United States
Attorney General; * COLIN L.
POWELL, Secretary of State; **
KEVIN D. ROONEY, Acting
Commissioner of INS; *** GEORGE
W. BUSH, President of the
United States, ****

        Defendants-Appellees.

No. 00-4128
(D.C. No. 99-CV-41-K)
(D. Utah)

---

\*     Pursuant to Fed. R. App. P. 43(c)(2), John Ashcroft is substituted for Janet Reno, United States Attorney General, as an appellee in this action.

\*\*     Pursuant to Fed. R. App. P. 43(c)(2), Colin L. Powell is substituted for Madeline Albright, Secretary of State, as an appellee in this action.

\*\*\*     On March 26, 2001, Kevin D. Rooney became the Acting Commissioner of INS. Pursuant to Fed. R. App. P. 43(c)(2), Mr. Rooney is substituted for Doris Meissner as an appellee in this action.

\*\*\*\*     Pursuant to Fed. R. App. P. 43(c)(2), George W. Bush is substituted for William J. Clinton, President of the United States, as an appellee in this action.

Before **SEYMOUR** , **BRORBY** , and **BRISCOE** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellants are 1,375 minor United States citizen children whose parents are undocumented aliens residing illegally in the United States. Sandra Rodrigues, a resident alien, brought this action pursuant to Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics , 403 U.S. 388 (1971), on their behalf claiming that defendants' enforcement of the immigration laws against the children's parents has violated or will violate the children's rights under the Fourth, Fifth, and Fourteenth Amendments. The district court dismissed the second amended complaint for failure to state a claim upon which relief can be granted and denied leave to amend. The district court also denied appellants'

---

[*****] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

motion to alter or amend the judgment.  They appeal.  We have jurisdiction under 28 U.S.C. § 1291.

We review de novo the district court's dismissal of the complaint.  <u>Gohier v. Enright</u>, 186 F.3d 1216, 1218 (10th Cir. 1999).  We find no error.  The law is clear that "the incidental impact visited upon the children of deportable, illegal aliens does not raise constitutional problems."  <u>Delgado v. INS</u>, 637 F.2d 762, 764 (10th Cir. 1980).  The district court correctly relied on <u>Delgado</u> in dismissing appellants' case for failure to state a claim.  We therefore affirm for substantially the same reasons as those set out in the district court's order filed on April 12, 2000.

AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge