644 F.2d 1248
 Bizhan DANESHVAR, Appellant,
v.
Edwin V. CHAUVIN, Jr., District Director of the Immigration
and Naturalization Service and his agents, OIC David Cole of
Memphis, Tennessee, and Mark Kemp of the United States
Border Patrol, Little Rock, Arkansas, Appellees.
 No. 80-1924.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 9, 1981.
Decided April 3, 1981.
 
 Rehim Babaoglu argued, Farris, Hancock, Gilman, Branan, Lanier & Hellen, Memphis, Tenn., for appellant; Peter A. Miller, Little Rock, Ark., of counsel.
 George W. Proctor, U. S. Atty., A. Doug Chavis, Asst. U. S. Atty., argued, Little Rock, Ark., for appellees.
 Before LAY, Chief Judge, and STEPHENSON and ARNOLD, Circuit Judges.
 ARNOLD, Circuit Judge.
 
 
 1
 Bizhan Daneshvar appeals the dismissal by the district court[1] of that portion of his petition for writ of habeas corpus in which he sought judicial review of an order of the United States Immigration and Naturalization Service (INS) which required his deportation from the United States. The district court concluded that it lacked jurisdiction to review final deportation orders of the INS in a habeas corpus proceeding. We affirm.
 
 
 2
 Appellant Daneshvar is an Iranian citizen who entered this country as a nonimmigrant student, eventually enrolling at the University of Arkansas at Little Rock in June of 1978. His student status gave him a right to remain in the United States until June 29, 1979. On November 29, 1979, the INS issued a show cause order, pursuant to 8 C.F.R. § 242.1, alleging that Daneshvar had failed to maintain his nonimmigrant student status and was therefore subject to deportation. At a hearing held on January 9, 1980, Daneshvar appeared with an attorney and admitted that he was deportable. The immigration judge subsequently ordered his deportation but permitted Daneshvar to leave the United States voluntarily. Daneshvar did not appeal the judge's order.
 
 
 3
 Daneshvar, however, did not leave the United States within the time allowed. He instead filed a motion to reopen or reconsider the deportation order. On September 12, 1980, while the motion to reopen was still pending, Daneshvar was arrested by the United States Border Patrol, acting pursuant to the deportation order,[2] and placed in jail. On September 14, 1980, Daneshvar petitioned the district court for a writ of habeas corpus. He claimed that the order of deportation in his case threatened to deprive him of liberty without due process of law because, among other reasons, he did not understand English well enough to appreciate the nature of the proceedings against him. The district court moved with appropriate solicitude for the right of personal liberty. The court admitted Daneshvar to bail, perhaps feeling that his motion to reopen, which had been pending for some four months, was not being treated with reasonable expedition. In addition, the district court ordered the INS not to deport Daneshvar until further order of the district court or of a court of appeals having jurisdiction.[3] In all other respects, however, the petition was dismissed for want of jurisdiction. The district court held that its habeas jurisdiction was limited to review of ancillary or preliminary actions of the INS (for example, its taking Daneshvar into custody while delaying a ruling on his motion to reopen), and that the courts of appeals had exclusive jurisdiction to review the final order of deportation itself. A partial final judgment was entered under Fed.R.Civ.P. 54(b), and Daneshvar then appealed.[4]
 
 
 4
 Daneshvar argues that the district court had jurisdiction to consider the validity of the deportation order itself. He relies on two provisions of law. First, Section 279 of the Immigration and Nationality Act of 1952, 8 U.S.C. § 1329, provides:
 
 
 5
 The district courts of the United States shall have jurisdiction of all causes, civil and criminal, arising under any of the provisions of this subchapter.
 
 
 6
 The reference to "this subchapter" denotes Subchapter II of Chapter 12 of Title 8 of the United States Code, and includes 8 U.S.C. §§ 1151-1362. In addition, we are cited to Section 106(a)(9) of the Immigration and Nationality Act, as added by Section 5(a) of Pub.L.No.87-301, approved September 26, 1961, 75 Stat. 651, 8 U.S.C. § 1105a(a)(9):
 
 
 7
 (9) any alien held in custody pursuant to an order of deportation may obtain judicial review thereof by habeas corpus proceedings.
 
 
 8
 The government, on the other hand, relies on another portion of Section 106(a), also added to the statute in 1961 by Pub.L.No.87-301, 8 U.S.C. § 1105a(a), under which petitions for review in a court of appeals are
 
 
 9
 the sole and exclusive procedure for, the judicial review of all final orders of deportation ....
 
 
 10
 The question presented here is whether the district courts have jurisdiction to review final orders of deportation when the plaintiff's form of action is habeas corpus. The answer is not immediately clear from the language of the three statutes involved, pertinent parts of which we have quoted. These provisions present, to say the least, a question of interpretation. We have no great difficulty with the suggestion that 8 U.S.C. § 1329, a general grant of jurisdiction to the district courts of cases arising under the immigration title of the 1952 Act, is applicable here. Foti v. Immigration & Naturalization Serv., 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963), suffices to dispose of this contention. There, the Supreme Court explained that Section 106(a) of the Act, as added by the 1961 amendment, was intended to make a definite change in pre-existing law, including the provision now codified as 8 U.S.C. § 1329. "The key feature of the congressional plan ... was the elimination of the previous initial step in obtaining judicial review a suit in a District Court and the resulting restriction of review to Courts of Appeals, subject only to the certiorari jurisdiction of this Court." 375 U.S. at 225, 84 S.Ct. at 312. "(T)he declared purpose of § 106(a) (now 8 U.S.C. § 1105a(a)) (is) to eliminate the District Court stage of the judicial review process in an effort to prevent dilatory tactics." Id. at 230, 84 S.Ct. at 314. Foti holds that discretionary determinations of the Attorney General, relating to the suspension of deportation under § 244(a)(5) of the Act, 8 U.S.C. § 1254(a)(5), are, like final orders of deportation themselves, reviewable exclusively in the courts of appeals.
 
 
 11
 Later cases elaborate the line between final orders of deportation reviewable only in courts of appeals, and certain other kinds of orders reviewable in district courts. See Immigration & Naturalization Serv. v. Stanisic, 395 U.S. 62, 68 n.6, 89 S.Ct. 1519, 1523 n.6, 23 L.Ed.2d 101 (1969) (denial by the Attorney General of an application to withhold deportation, under Section 243(h) of the Act, 8 U.S.C. § 1253(h), to a country where the alien would be subject to persecution, is reviewable in the district courts, "(b)ecause the ... determination (to deny the application) was not pursuant to § 242(b)," 8 U.S.C. § 1252(b), the provision specifically referred to in the 1961 amendment); Cheng Fan Kwok v. Immigration & Naturalization Serv., 392 U.S. 206, 215, 88 S.Ct. 1970, 1975, 20 L.Ed.2d 1037 (1968) ("... Congress quite deliberately restricted the application of § 106(a) to orders entered during proceedings conducted under § 242(b), or directly challenging deportation orders themselves" (footnote omitted)); Giova v. Rosenberg, 379 U.S. 18, 85 S.Ct. 156, 13 L.Ed.2d 90 (1964) (per curiam) (courts of appeals have exclusive jurisdiction to review denials of motions to reopen § 242(b) deportation proceedings); Mendez v. Major, 340 F.2d 128 (8th Cir. 1965); Chadha v. Immigration & Naturalization Serv., 634 F.2d 408 (9th Cir. 1980) (review of final deportation orders includes review of matters upon which the final order is contingent); Reyes v. Immigration & Naturalization Serv., 571 F.2d 505 (9th Cir. 1978).
 
 
 12
 Some of the distinctions drawn by these cases among different types of orders relating to deportation are hard to follow, at least for us. But the common thread running through all the cases is that judicial review of final orders of deportation, when the question of deportability is in question, is exclusively in the courts of appeals. This is so even when deportability under the statute is conceded, but the alien plaintiff claims that the statute itself is unconstitutional. Shodeke v. Attorney General, 391 F.Supp. 219 (D.D.C.1975). In the instant case deportation proceedings were commenced under Section 242(b) of the Act, and the final order of deportation was entered in those proceedings. Attempts by Daneshvar to contest the validity of this order fall squarely within Section 106(a), and that specific, later-enacted provision must prevail, as the Supreme Court held in Foti, over the earlier-enacted general grant of jurisdiction to the district courts.
 
 
 13
 It remains to consider the habeas corpus provision, Section 106(a)(9), 8 U.S.C. § 1105a(a)(9), which is on its face an exception to the general rule of exclusivity set out in Section 106(a). Daneshvar argues that the habeas corpus paragraph must be given the effect of creating district-court jurisdiction, even to review final orders of deportation, when the affected person is in custody. Although that construction of the statute is unquestionably one that the words will bear, we decline to accept it. The proper solution to this problem, we think, is explained by Judge Becker in United States ex rel. Parco v. Morris, 426 F.Supp. 976, 978 n.4 (E.D.Pa.1977). There, habeas corpus jurisdiction in the district courts was upheld where plaintiff was not seeking review of the merits of the deportation order itself, but only to contest the denial of a stay of deportation. "Habeas corpus is an appropriate proceeding to review the denial of discretionary relief from deportation where deportability itself is not in issue." Ibid. Accord, Te Kuei Liu v. Immigration & Naturalization Serv., 483 F.Supp. 107 (S.D.Tex.1980). "Custody," in the present context, refers not only to confinement in jail, as in Daneshvar's case, but also that restriction of movement resulting from any final order of deportation. United States ex rel. Parco v. Morris, supra, 426 F.Supp. at 978 n.4. The suggestion that Section 106(a)(9) be construed to create district-court habeas jurisdiction whenever the petitioner is in custody, while the general language of Section 106(a) would confer jurisdiction on courts of appeals to review final orders of deportation at the suit of petitioners who are not in custody, does not, therefore, make a great deal of sense. Under this interpretation, the exception would swallow the rule. Since the issuance of a final order of deportation itself subjects the affected person to "custody" for habeas purposes, it is hard to see what, if anything, would be left of the courts of appeals' exclusive jurisdiction. It makes more sense, and furthers the congressional purpose to avoid delay, explained in Foti, to construe Section 106(a) to confer exclusive jurisdiction on courts of appeals in all cases where the validity of a final order of deportation is drawn in question, and to limit Section 106(a)(9) to review of the denial of discretionary relief where deportability itself is not an issue.
 
 
 14
 The district court's memorandum and order, accompanying the judgment from which this appeal is taken, dismissed for want of jurisdiction "the petitioner's request for review of the administrative determinations regarding his deportation."[5] This decision was based on what we hold to be a correct construction of the jurisdictional statutes, and the judgment is
 
 Affirmed.[6]
 
 
 [1]
 The Honorable Garnett Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas
 
 
 [2]
 The filing of a motion to reopen or for reconsideration does not stay the execution of a deportation order. 8 C.F.R. § 242.22
 
 
 [3]
 The government has not appealed this order
 
 
 [4]
 In addition to appealing to this Court, the appellant has filed with the United States Court of Appeals for the Sixth Circuit an appeal from the denial by the INS of his motion to reopen or reconsider the deportation order, which was denied on September 16, 1980. Daneshvar v. Immigration and Naturalization Serv., No. 80-3649, 6th Cir. (petition for review filed Oct. 1, 1980). This case was pending in the Sixth Circuit at the time of the oral argument in the instant appeal before this Court
 
 
 [5]
 Bizhan Daneshvar v. Edwin Chauvin, Jr., etc., et al., No. LR-C-80-442, E.D.Ark., slip op., pp. 1-2 (filed September 30, 1980, nunc pro tunc as of September 16, 1980)
 
 
 [6]
 Appellant, we assume, remains at large on the bond fixed by the district court, and is protected by that court's order of October 6, 1980, enjoining appellees from deporting him. In view of the fact that Daneshvar has a petition for review of the order denying his motion to reopen pending in the Sixth Circuit, pursuant to which his deportation has been stayed by that court, he may no longer need the protection of the injunction entered by the district court in this case. It is entirely possible that the stay of deportation entered by the district court should be dissolved, and, if it is, we know of no reason why Daneshvar's case should remain pending on that court's docket. We leave these issues to the district court. It is better able than we to assess the parties' present status, including anything that may have occurred in the Sixth Circuit since the oral argument before us, and take whatever action is equitable