**Pablo CAPORALI, Petitioner,**

v.

**Timothy A. WHELAN, Acting District Director for the U.S. Department of Justice, Immigration and Naturalization Service, Respondent.**

**Civ. A. No. 84–683–K.**

United States District Court,
D. Massachusetts.

March 16, 1984.

Lory Rosenberg, Harvey Kaplan, Law Office of Harvey Kaplan, Boston, Mass., for petitioner.

Jeffrey R. Martin, Asst. U.S. Atty., Boston, Mass., for respondent.

Memorandum and Order

KEETON, District Judge.

This is a civil action in which the "plaintiff," a citizen of Argentina, seeks some form of order that will effect his release from detention by the "defendant," Acting District Director for the United States Department of Justice, Immigration and Naturalization Service, pending resolution of his Petition for Review of Deportation Order filed in the United States Court of Appeals for the First Circuit on March 6, 1984.

The exact nature of this civil action is not immediately apparent, and may be more obscured than clarified by the terminology used in the "complaint" and other documents filed by the parties. With the purpose of identifying the nature of the action and the body of constitutional, statutory, and decisional law that is to be applied in resolving it, I begin with an inquiry as to jurisdiction over the subject matter.

"Plaintiff" asserts jurisdiction under 28 U.S.C. § 1331 ("federal question"); 8 U.S.C. § 1105a(a)(9) (Immigration and Na-

tionality Act), 8 U.S.C. § 1329 (Immigration and Nationality Act) and 5 U.S.C. § 701 (Administrative Procedure Act). The "complaint" is phrased as if this were a civil action invoking the general equity powers of this court to enjoin violations of rights guaranteed to the "plaintiff" by the Fifth Amendment to the Constitution of the United States. In response to inquiries of the court at oral hearing, however, counsel for the parties appeared to agree that this court's jurisdiction is limited to judicial review of the administrative action of the "defendant" in denying the application of "plaintiff" for release from detention on reasonable conditions pending determination of his Petition for Review of Deportation Order by the Court of Appeals for the First Circuit. It is undisputed that under 8 U.S.C. § 1105a(a)(3), the filing of the Petition for Review automatically stayed deportation of the "plaintiff."

In these circumstances, the first issue I must consider is whether this court has jurisdiction, either by way of review or in *de novo* hearing, to set aside the Acting District Director's denial of the request for an order setting reasonable conditions for release from detention pending the First Circuit's determination of the Petition for Review that is pending before it.

The detention of an alien pending deportation is authorized by 8 U.S.C. § 1252(c), which states in part:

> When a final order of deportation under administrative processes is made against any alien, the Attorney General shall have a period of six months from the date of such order, or, if judicial review is had, then from the date of the final order of the court, within which to effect the alien's departure from the United States, during which period, at the Attorney General's discretion, the alien may be detained, released on bond in an amount and containing such conditions as the Attorney General may prescribe, or released on such other condition as the Attorney General may prescribe.

■ Jurisdiction to review the denial of discretionary relief, where deportability itself is at issue, if at all, only in a separate proceeding, is conferred on the United States District Courts in a statutory provision for consideration of petitions for habeas corpus. 8 U.S.C. § 1105a(a)(9); *Daneshvar v. Chauvin,* 644 F.2d 1248, 1251 (8th Cir.1981). I therefore treat the "complaint" as a petition for a writ of habeas corpus. Hereafter the parties will be referred to as "petitioner" and "respondent."

■ Respondent's decision to detain petitioner without bail is subject to judicial review for abuse of discretion. *E.g., United States ex rel. Yaris v. Esperdy,* 202 F.2d 109, 112 (2d Cir.1953); *Soroa-Gonzales v. Civiletti,* 515 F.Supp. 1049 (N.D. Ga.1981). The district court applies a deferential standard of review, *Bartholomeu v. District Director, Immigration, Etc.,* 487 F.Supp. 315, 321 (D.Md.1980), and the decision to detain an alien can be overridden only if it was "without reasonable foundation" in fact. *United States ex rel. Barbour v. District Director of I. & N.S.,* 491 F.2d 573, 577–78 (5th Cir.), *cert. denied,* 419 U.S. 873, 95 S.Ct. 135, 42 L.Ed.2d 113 (1974).

■ Although the statute authorizing detention of deportable aliens at the Attorney General's discretion does not mandate an adversary proceeding to be held as a prerequisite to the exercise of this discretion, 8 U.S.C. § 1252(c), the decision to detain an alien is subject to judicial review. 8 U.S.C. § 1105a(a)(9). Implicit in the statutory scheme is a requirement that the Attorney General exercise his or her discretion in such a manner as to permit principled judicial review. That is, the Attorney General must make a reasoned determination, disclosing the facts on which this determination was based and the source of these facts.

■ Also, the decisionmaking process must afford the petitioner an opportunity to respond to adverse evidence. The record before the court on review must show that evidence, and inferences therefrom, set forth by the petitioner were considered by respondent. This conclusion is

supported by the rationale of the Court in *Universal Camera Corp. v. N.L.R.B.*, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951) (opinion by Justice Frankfurter), discussing the duty of a Court of Appeals when reviewing orders of the National Labor Relations Board. The Court stated that "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Id.* at 488, 71 S.Ct. at 464. In providing for judicial review of denials of discretionary relief to deportable aliens, Congress imposed a duty on district courts, analogous to the duty imposed on Courts of Appeals reviewing N.L.R.B. orders, to take into account not only evidence supporting the decision below but also contradictory evidence and evidence from which conflicting inferences could be drawn. *Id.* at 487, 71 S.Ct. at 463. A district court cannot make an independent determination of whether the Attorney General has abused his discretion absent an adequately developed record of the evidence. *See Toland v. McCarthy*, 499 F.Supp. 1183, 1193 (D.Mass.1980).

However formal or informal may be the procedures used by the Attorney General in reaching a decision, basic principles of fair procedure for determining adjudicative facts must be satisfied. A decision to deny discretionary relief to an alien which does not have these characteristics cannot be reviewed in a principled way by the district court.

■ In the instant case, the record is so opaque that I am unable to engage in judicial review of respondent's decision to detain petitioner without bail. Respondent discloses no evidence in support of his decision, other than references to conclusions drawn from surveillance, the circumstances of which are not disclosed. Nor does the record indicate that petitioner was afforded an opportunity to respond to those adverse conclusions. For example, there is no indication that petitioner was informed that surveillance of his home had occurred, much less that petitioner was given a chance to explain his alleged absence.

For this reason, I conclude that respondent's decision to detain petitioner without bail constituted an abuse of discretion.

Having determined that respondent's order is invalid, I must next consider what relief is appropriate. Petitioner urges that in these circumstances the United States District Court should itself determine, after appropriate hearing, whether petitioner should be released pending determination of his Petition for Review in the Court of Appeals, and if so on what conditions. This contention appears to have some support in apparent practice, but no case has been cited in which a district court, after explicitly considering the question whether it has jurisdiction to do so, has undertaken this responsibility of itself making the discretionary decision regarding release. Congress has plainly directed, in 8 U.S.C. § 1252(c), that this discretionary decision is to be made by the Attorney General (or, in this case, his authorized representative, the respondent). This court has jurisdiction only to review and not to make the initial discretionary determination.

In these circumstances, I conclude that it is appropriate that respondent be given another opportunity to exercise the discretion authorized by Congress. *Cf. Bertrand v. Sava*, 684 F.2d 204, 219 (2d Cir.1982). Accordingly, an order will be entered that, within ten days of the date of this Memorandum, respondent shall release petitioner from custody pending resolution of his petition for review of the deportation order unless, within that period, respondent shall have conducted proper proceedings and made a judicially reviewable decision on the merits of petitioner's application for conditions of release. This court will retain jurisdiction to allow prompt review of respondent's decision should he elect to hold further proceedings and should review of his order then be sought.

### ORDER

For the foregoing reasons, it is ORDERED:

Within ten days from the date of this Order, the Acting District Director for the

United States Department of Justice, Immigration and Naturalization Service shall release Pablo Caporali from detention unless within that period the Acting District Director shall have conducted proceedings and made a judicially reviewable determination, in accordance with the principles addressed in the accompanying Memorandum, on the merits of Pablo Caporali's application for conditions of release from detention pending resolution of his petition for review of deportation order.