### Feodor FEDORENKO

v.

### UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE.

No. 84–6096.

United States District Court,
E.D. Pennsylvania.

Dec. 13, 1984.

See also, D.C., 598 F.Supp. 1527.

---

Andrew Fylypovych, Harvey, Pennington, Herting & Renneisen Ltd., Philadelphia, Pa., for petitioner.

Alexander Ewing, Deputy Chief, Civ. Div., U.S. Atty., Philadelphia, Pa., for respondent.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

The petitioner is a 77 year old native of the Ukraine in the U.S.S.R. He entered the United States as an immigrant in 1949, pursuant to the Displaced Persons Act of 1948 ("DPA"), 62 Stat. 1009, which was enacted by Congress to enable European refugees driven from their homelands by World War II to immigrate to the United States. In 1970, petitioner became a naturalized citizen of the United States.

In 1977 the Government brought a denaturalization action against the petitioner in the United States District Court for the Southern District of Florida, alleging that petitioner illegally procured his citizenship by failing to disclose that he had been a guard at the Nazi death camp, Treblinka, during World War II. *United States v. Fedorenko*, 455 F.Supp. 893 (S.D.Fla.1978). The District Court entered a judgment for the petitioner, which was reversed on appeal by the United States Court of Appeals for the Fifth Circuit, and a judgment of denaturalization was ordered. *United States v. Fedorenko*, 597 F.2d 946 (5th Cir.1979). The Supreme Court affirmed the judgment of the Court of Appeals. *Fedorenko v. United States*, 449 U.S. 490, 101 S.Ct. 737, 66 L.Ed.2d 686 (1981). On March 11, 1981, the District Court revoked the petitioner's citizenship and cancelled his certificate of naturalization.

In March 1981, the Immigration and Naturalization Service ("INS") commenced deportation proceedings against the petitioner. On February 23, 1983 the Immigration Judge rendered his decision ordering that the petitioner be deported to the U.S.S.R.[1]

On March 7, 1983, the petitioner filed an appeal with the Board of Immigration Appeals ("BIA"). BIA rendered a decision dismissing petitioner's appeal. On May 30, 1984 a Petition for Review from the BIA decision was filed by petitioner in the United States Court of Appeals for the Third Circuit. In August 1984, the Petition for Review was withdrawn. Petitioner was arrested in Philadelphia on December 10, 1984 by INS agents pursuant to a warrant of deportation issued on May 17, 1984. Presently before the court is the Petition of Feodor Fedorenko for Writ of Habeas Corpus. For the reasons which follow, the petition is DENIED.

The petition for writ of habeas corpus alleges that the Petition for Review was withdrawn improperly by petitioner's former lawyer, and that it was done without petitioner's consent or knowledge. The petitioner has filed this petition for writ of habeas corpus to prevent his deportation because he no longer has the protection of the automatic stay from deportation afforded by the filing of Petition for Review in the Court of Appeals. 8 U.S.C. § 1105a(a)(3).

8 U.S.C. § 1105a(a)(2) provides that the sole and exclusive jurisdiction to review final orders of deportation against aliens rests with the various Courts of Appeals. *Cheng Fan Kwok v. Immigration and Naturalization Service*, 392 U.S. 206, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968). We recognize that 8 U.S.C. § 1105a(a)(9) provides that an alien in custody pursuant to a deportation order may obtain judicial review by habeas corpus proceedings. However, the courts have interpreted that section to apply only to a review of the denial of discretionary relief where deportability

---

1. The Government has informed this Court that the petitioner, at the deportation hearing, designated the U.S.S.R. when he was asked to name the country he desired to be deported to if that was the decision of the Immigration Judge.

**1527**

itself is not an issue. *Daneshvar v. Chauvin,* 644 F.2d 1248, 1251 (8th Cir.1981); *Acosta v. Gaffney,* 558 F.2d 1153, 1155–1156 (3d Cir.1977); *United States ex rel Parco v. Morris,* 426 F.Supp. 976, 978, n. 4 (E.D.Pa.1977).

Exclusive jurisdiction for review of a BIA decision on deportation is with the Court of Appeals, 8 U.S.C. § 1105a(a)(2), not with the District Court. We therefore deny the petition for writ of habeas corpus.