**Feodor FEDORENKO**

v.

**U.S. IMMIGRATION AND NATURALIZATION SERVICE.**

**Civ. A. No. 84–6195.**

United States District Court, E.D. Pennsylvania.

Dec. 18, 1984.

Andrew Fylypovych, Harvey, Pennington, Herting & Renneisen Ltd., Philadelphia, Pa., for plaintiff.

Alexander Ewing, Deputy Chief, Civ. Div., U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

Presently before the Court is a petition for writ of habeas corpus. For the reasons which follow, the petition is dismissed.

We need not repeat the facts of this case since they are set forth in detail in our Memorandum Opinion and Order dated December 13, 1984 in Civil Action No. 84–6096, an action between the same parties. 598 F.Supp. 1525 (D.C.Pa.1984). In that habeas action, the petitioner sought review of a decision of the Board of Immigration Appeals, which we dismissed for lack of jurisdiction.

The petitioner initially sought a stay of deportation which was denied by the Acting District Director of the Immigration and Naturalization Service on December 14, 1984. [See Exhibit A of this Petition for Writ of Habeas Corpus.]

The petitioner then brought this action seeking stay of deportation in order for him to be examined for the last time by his family physician, and so that his medical records can be reviewed, summarized and translated into Russian. The petitioner contends that without a translated copy of his medical history and records, his life will be seriously threatened should he need immediate medical attention in the U.S.S.R. We do not agree.

■ We take judicial notice of the fact that there are countless numbers of Rus-

**1528**

sians who speak and read English, and can interpret medical records written in English. Further, the Supreme Court of the United States affirmed the Court of Appeals for the Fifth Circuit in 1981 ordering denaturalization of the petitioner. See, 449 U.S. 490, 101 S.Ct. 737, 66 L.Ed.2d 686. The Immigration Judge, in 1983, after lengthy hearing, ordered the petitioner deported to the U.S.S.R. The petitioner has had sufficient time to have his medical records translated into Russian if he felt it was necessary. We do not find any merit in his reasons for a stay of deportation.