Ahmad Mansoor MIAN, Plaintiff,

v.

UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Defendant.

No. 83–1588C(4).

United States District Court, E.D. Missouri.

Dec. 19, 1984.

Robert A. Cox, St. Louis, Mo., for plaintiff.

Joseph Moore, Asst. U.S. Atty., St. Louis, Mo., for defendant.

## MEMORANDUM OPINION

CAHILL, District Judge.

This matter is before the Court on Ahmad Mansoor Mian's petition for writ of habeas corpus.

The Immigration and Naturalization Service (INS) found Mian deportable in a decision dated September 23, 1981. He instituted this proceeding in an effort to prevent his deportation.

A native and citizen of Pakistan, born June 15, 1954, Mian entered the United States on December 16, 1972, as a nonimmigrant student, in order to attend the University of Missouri, at Rolla, but he dropped out in May, 1975.

He was located January 16, 1976, and was given the opportunity to voluntarily depart by March 16, 1976, but subsequently was reinstated to student status on April 29, 1976.

On November 13, 1978, he was again found to be not attending school. An Order to Show Cause why he should not be deported was issued, but plaintiff mailed evidence that he had departed the United States and was back in Pakistan.

However Mian was then located in the United States on November 13, 1980, when it was learned that he had never departed the United States.

Mian was accorded a hearing before the Immigration Judge on November 19, 1980, and on January 21, 1981. He filed for political asylum or suspension of deportation which the Immigration Judge denied on September 23, 1981, and granted voluntary departure until December 15, 1981. An appeal was taken to the Board of Immigration appeals which dismissed the appeal on June 25, 1982, and granted voluntary departure to July 25, 1982.

Mian married a United States citizen on July 23, 1982, and a relative visa petition was filed that date. That petition was denied on September 19, 1983, when the wife failed to appear for interview and INS could not locate her.

A stay of deportation was filed on April 22, 1983, which was denied on June 21, 1983.

Mian was ordered to appear for deportation on July 6, 1983, and this petition for habeas corpus followed.

Mian's last authorized period of voluntary departure expired on July 25, 1982. A request to extend that was denied by the District Director on August 2, 1982. Also on August 26, 1982, INS asked Australia to accept Mian's request that he be deported to that country, but the offer was declined.

Mian filed a motion to reopen his deportation proceedings for reconsideration of his application for asylum and withholding of deportation, and request for suspension of deportation. That motion was denied by the Board of Immigration Appeals on December 13, 1983.

The alien has availed himself of every procedural safeguard, and it is obvious that he merely seeks to delay his deportation. He has failed to establish eligibility for the relief sought. *INS v. Wang,* 450 U.S. 139, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981).

Mian has sought every available discretionary relief offered by INS, including asylum under Section 208 of the Immigration and Naturalization Act; withholding of deportation under Section 243(h); and suspension of deportation under Section 244(a)(1).

After this action was filed the Board of Immigration Appeals denied two motions to reopen and a motion to reconsider. Mian has never appealed the final order of deportation to the U.S. Court of Appeals, as provided by 8 U.S.C. 1105a. *Fotl v. Immigration and Naturalization Service,* 375 U.S. 217, 229, 84 S.Ct. 306, 313, 11 L.Ed.2d 281 (1963); *Daneshvar v. Chauvin,* 644 F.2d 1248 (8th Cir.1981).

After hearing the testimony and carefully reviewing the record, the Court is convinced that the decisions of the INS in denying relief were not made arbitrarily or capriciously. There is no evidence that the

director abused his discretion. Thus, the writ of habeas corpus is denied. However, the Court will continue the preliminarily granted writ of habeas corpus for ten (10) days in order to allow the petitioner to seek a stay of deportation pending appeal, if he so desires.