Vitaya ISARAPHANICH, (A18 678 203), Petitioner,

v.

Charles C. SAVA, District Director, U.S. Immigration and Naturalization Service, Respondent.

86 Civ. 0128 (SWK).

United States District Court, S.D. New York.

July 8, 1987.

Vitaya Isaraphanich, pro se.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., U.S. Atty's Office, New York City by Noel Anne Ferris, Sp. Asst. U.S. Atty., for respondent.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

The petitioner, Vitaya Isaraphanich, a Thai national who entered the United States as a lawful permanent resident, has applied for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner claims the $25,000 bond set for his release from Immigration and Naturalization Service ("INS") custody at the Service Processing Center in Manhattan is excessive. Even though petitioner has posted the bond and been released, he claims his request to reduce the amount of the bond is not moot, based on 28 U.S.C. § 2241(c)(1), which extends the writ of habeas corpus to a petitioner if he, "is in custody ... or is committed for trial before some court." Petitioner also appears to be challenging the underlying deportation proceeding.

This case is presently before the Court upon petitioner's objection to Magistrate Gershon's report and recommendation that the petition be dismissed. For the following reasons, the objections are overruled, the report is adopted, and the petition is dismissed.

## FACTS

Petitioner is a 42 year old male alien who has been convicted of three crimes. On March 22, 1979 he was convicted in the United States District Court for the Southern District of New York for distribution and possession of heroin in violation of 21 U.S.C. §§ 813, 841(a)(1) and 841(b)(1)(A). He was sentenced to ten years suspended imprisonment and to five years probation. Next he was convicted for possession of stolen property on July 2, 1980 and fined $800.00. Finally, on December 13, 1981 he was convicted of forgery in the second degree and sentenced to prison for a term of three to six years as a second felony offender.

On November 21, 1980 the INS issued an Order to Show Cause which charged petitioner with being subject to deportation pursuant to Section 241(a)(11) of the Immigration and Naturalization Act ("INA")[1] as a result of his conviction for illicit trafficking in narcotics. His deportation hearing

---

1. Section 241 (a) (11) of the Act, 8 U.S.C. § 1251 (a) (11), provides:
Any alien ... shall ... be deported who (11) ... at any time has been convicted of a violation of ... any law or regulation relating to the illicit possession of or traffic in narcotic drugs....

commenced on May 21, 1982. Petitioner attended the hearing and filed an application for a discretionary waiver of deportability, allowing him to remain in this country, pursuant to Section 212(c) of the Act.[2] The immigration judge adjourned the hearing to permit the INS to investigate the 212(c) waiver application. During that time, petitioner was serving his three to six year sentence.

On October 2, 1985, petitioner was released from Fishkill Correctional Facility and taken into INS custody under the authority of 8 U.S.C. §§ 1252(a) and 1251(a)(11) as an alien subject to deportation due to a conviction of illicit possession of or traffic in narcotic drugs. The INS set a bond for petitioner's release in the amount of $25,000. Petitioner appealed the amount of the bond to the Board of Immigration Appeals (the "BIA") pursuant to 8 C.F.R. §§ 3.1(2)(7) and 242.2(b).

Before the BIA decided this appeal, petitioner's deportation hearings continued, and on March 4, 1986, his relief under Section 212(c) was denied. The judge ordered direct deportation to Thailand stating, "The respondent was given at least two opportunities to advance his status in the community....Despite the leniency of the courts ... he did nothing to rehabilitate himself, other than get arrested a third time." Petitioner has appealed this decision which has not yet been heard.

After the deportation proceeding on April 30, 1986, The BIA dismissed petitioner's bond appeal. The BIA held that an alien should only be detained or required to post bond if he is a threat to national security or a poor bail risk. *Matter of Patel,* I. & N. Dec. 666 (BIA 1976). The Board considered petitioner's employment history, length of residence in the community, family ties and previous record and held that Isaraphanich's continuing "crimi-

nal behavior demonstrates his propensity for crime in total disregard for the laws of this country....He is a poor bail risk.... The bond in the amount of $25,000 is appropriate."

Shortly thereafter, petitioner posted the $25,000 bond and was released from INS custody.

## MOOTNESS.

In order to maintain a habeas corpus action, the petitioner must be in custody pursuant to 28 U.S.C. § 2241(c)(3). The Supreme Court has liberally contrued this requirement and physical control is not the only means by which a respondent may have custody over a petitioner. *Carafas v. LaValle,* 391 U.S. 234, 238, 88 S.Ct. 1556, 1559, 20 L.Ed.2d 554 (1968). Some courts have found it is enough if petitioner's liberty is restrained by parole conditions, *Jones v. Cunningham,* 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), or if he can show continuing collateral disability which results from the respondent's actions. *Carafas,* 391 U.S. at 237, 88 S.Ct. at 1559.

Isaraphanich does not satisfy any of the above catagories. He is not in physical custody, he is not on parole, and he has not shown that due to the existence of the bond he is prohibited from engaging in certain activities. Petitioner argues he is unable to further his small business because the amount of the bond is excessive and an imposition on his financial resources. The bond itself, however, has placed no legal constraints on any activities and is not the sort of statutory barrier to petitioner's engaging in business that the *Carafas* court contemplated. 391 U.S. at 237, 88 S.Ct. at 1559. *See Brown v. Wainwright,* 447 F.2d 980 (5th Cir.1971) (custody must be the result of respondent's actions from which the petitioner seeks habeas corpus relief).

---

**2.** Section 212 (c) of the Act provides that any alien who has enjoyed permanent resident status for an uninterrupted period of seven consecutive years wishes to return to his home in the United States after a temporary trip abroad, he may apply for a waiver of inadmissibility which may be granted in the discretion of the Attorney General.

This waiver provision has been held by the courts to be applicable also to lawful permanent residents who meet the seven year eligibility qualification but who do not take a trip out of the United States. *Francis v. INS,* 532 F.2d 268, 270 (2d Cir.1976).

The petitioner is at liberty to continue his business if he has available financial resources.

## FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

The respondent claims that the petitioner's habeas corpus application was prematurely before this Court because petitioner failed to exhaust his administrative remedies. On April 30, 1986, petitioner's appeal to the BIA for a reduction in the bond amount was finally denied. There are no further administrative channels to be exhausted.

## DISMISSAL OF DEPORTATION HEARINGS

Petitioner's challenge to the deportation proceeding itself also must be dismissed. District courts do not have jurisdiction to review the merits of a deportation order. Section 106 (a) of the INA, 8 U.S.C. §§ 1105a(a), gives the courts of appeals "exclusive" jurisdiction of actions challenging "all final orders of deportation" made against aliens pursuant to administrative proceedings under Section 1252 (b). This includes orders denying discretionary relief. *Foti v. Immigration and Naturalization Service,* 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963).

The petitioner's application for a writ of habeas corpus is denied.

SO ORDERED.