Maria Angelina SANCHEZ, Petitioner,

v.

**DISTRICT DIRECTOR, IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 8:CV96–00425.

United States District Court,
D. Nebraska.

Sept. 12, 1996.

Joseph Lopez Wilson, JLW–4–Law Attorneys, Onaha, NE, for plaintiff.

Sarabeth Donovan, Asst. U.S. Atty., Omaha, NE, Paul R. Stulz, Immigration & Naturalization Service, Omaha, NE, for defendant.

## MEMORANDUM AND ORDER

SHANAHAN, District Judge.

Before the court is filing no. 1, the "Petition For Writ Of Habeas Corpus" filed by the petitioner, Maria Angelina Sanchez. On July 25, 1996, this court entered an "Order" (filing no. 2), directing the parties to brief the issue whether this court has jurisdiction to consider the "Petition For Writ Of Habeas Corpus" (filing no. 1). Both sides have now submitted their briefs on the issue of jurisdiction. Additionally, in response to a letter from the court on August 20, 1996, each party has submitted a supplemental brief

addressing the impact of the Antiterrorism and Effective Deal Penalty Act of 1996 ("AEDPA") concerning Sanchez' petition. Finally, following a telephonic conference conducted on August 29, 1996, the petitioner has submitted an additional supplemental brief which addresses the issue of whether Sanchez is "in custody" as required by 28 U.S.C. § 2241 for the relief sought in this action. The government was granted leave (see filing no. 6) to submit, and did submit, a reply brief on the issue of custody. Consequently, the issue whether this court has jurisdiction to consider Sanchez' petition is now before this court.

Both parties have submitted exhibits to this court in chambers in support of their respective positions. The government has submitted an "Index of Evidentiary Materials In Support Of Respondent's Brief" (filing no. 3) which includes: (1) the Declaration of Michael Mahaffey, dated July 29, 1996 and (2) a certified copy of the administrative record concerning Sanchez' deportation. Sanchez' exhibits, which were submitted to this court as attachments to her original "Brief In Support Of Jurisdiction," include: (1) Exhibit A, a copy of an immigrant petition for alien relative filed on behalf of Sanchez by her father, Felipe Sanchez–Sanchez, and a copy of Sanchez' I–485 petition to register as a permanent resident or to adjust her status; (2) Exhibit B, an order by an immigration judge, granting Sanchez voluntary departure in lieu of deportation provided that she departs by February 28, 1996; (3) Exhibit C, a copy of the extension of time for voluntary departure, allowing Sanchez until July 26, 1996 to depart voluntarily from the United States; and (4) Exhibit D, a copy of the letter from the district director of the Immigration and Naturalization Service (INS), denying Sanchez any further extension of the day for voluntary departure. The certified copy of the administrative record ("AR") indicates that Sanchez' second request for an extension of voluntary departure was denied on July 16, 1996.

## BACKGROUND

Sanchez, a citizen of Mexico, entered the United States without inspection in September, 1988. AR at 20. Her father, Felipe Sanchez–Sanchez, is a permanent legal resident, and Sanchez asserts that her daughter, Karina Lopez, is a United States citizen. Id. at 16. On February 14, 1994, Sanchez was apprehended by the INS while she was working at Millard Packing Services, Inc. Id. at 20–21. After her apprehension, Sanchez was released on her own recognizance. Id. On July 6, 1994, Sanchez was served with an "Order To Show Cause And Notice Of Hearing" on the charge that she was deportable pursuant to 8 U.S.C. § 1251(a)(1)(B) because she had entered the United States without inspection. Id. at 30–33.

On July 18, 1995 Sanchez appeared at a "master calender" hearing before Immigration Judge Zerbe. Id. at 24. At the hearing, Sanchez was represented by counsel, Rufino Villarreal, and admitted the charge of her deportability. Id. However, Sanchez asserted that she was eligible for suspension of deportation and was given until August 18, 1995 to file an application for suspension of deportation (I–256A). Id. Consequently, on August 16, 1995, Sanchez filed her application for suspension of deportation. Id. at 35–40. On August 28, 1995 Judge Zerbe summarily denied Sanchez' application for suspension of deportation. Id. at 23. Sanchez then requested and received voluntary departure in lieu of deportation and waived her right to appeal the deportation decision. Id. at 26.

Sanchez' father, Felipe Sanchez–Sanchez, filed an immigrant petition for alien relative on behalf of his daughter (I–130), the petitioner in this action. Id. at 46. Additionally, on August 17, 1995 Sanchez filed her request for adjustment of status and application to register as a legal permanent resident (I–485). Id. at 41. To date, the INS has not adjudicated Sanchez' application for adjustment. See filing no. 1, ¶ XI.

On February 6, 1996, Sanchez filed a request for an extension of time to depart voluntarily from the United States. AR at 92–93. This request was granted and Sanchez was given until July 28, 1996 to depart

voluntarily. *Id.* at 100–102.[1] On June 27, 1996, Sanchez filed her second request for an extension of time to depart voluntarily and contends that such an extension was warranted because her request for an adjustment in status and her motion to reopen or reconsider her deportation hearing had not yet been adjudicated by the INS. *Id.* at 108–111. F. Gerad Heinauer, the district director for the INS in Omaha, Nebraska, denied Sanchez' second motion for extension of time on July 16, 1996. *Id.* at 112–114. Currently, Sanchez is not in the physical custody of the INS, although she asserts in her petition that she is in the INS' "constructive custody."

## ANALYSIS

As mentioned above, after reviewing the petition filed by Sanchez, the court asked the parties to brief the issue whether this court has jurisdiction to adjudicate Sanchez' claims. In her petition, Sanchez asserts that this court has jurisdiction pursuant to 8 U.S.C. § 1105a and 28 U.S.C. § 2241(c)(1). In its briefs, the government asserts that this court lacks jurisdiction because: (1) Sanchez was not in custody of the INS when she filed her petition and (2) this court cannot review final orders of deportation in a habeas proceeding such as the present action filed by Sanchez.

 All challenges to final orders of deportation are governed by 8 U.S.C. § 1105a(a) which provides that it is the "sole and exclusive procedure for . . . the judicial review of all final orders of deportation." The courts of appeals have exclusive jurisdiction to review final orders of deportation. 8 U.S.C. § 1105a(a)(2); see, also, *Daneshvar v. Chauvin,* 644 F.2d 1248, 1250 (8th Cir.1981). Consequently, in an action for habeas corpus relief, a district court lacks jurisdiction to consider challenges to a final deportation order, but may consider only the "denial of discretionary relief from deportation where deportability itself is not an issue." *Id.* at 1251.

The passage of the AEDPA complicates the issue whether this court has jurisdiction to consider Sanchez' habeas petition. See Public Law No. 104–132 (1996). Before passage of the AEDPA, 8 U.S.C. § 1105a(a)(10) provided that "any alien held in custody pursuant to an order of deportation may obtain judicial review thereof by habeas corpus proceedings." However, § 401(e) of the AEDPA specifically strikes 8 U.S.C. § 1105a(a)(10) and, consequently, as of April 24, 1996, 8 U.S.C. § 1105a no longer contains the express provision for habeas corpus relief for aliens facing final deportation orders.

 However, both parties in their supplemental briefs assert that 28 U.S.C. § 2241 provides a basis for this court to entertain Sanchez' habeas petition. After reviewing case law and the legislative history concerning the passage of the AEDPA, the court finds and concludes that 28 U.S.C. § 2241 does indeed provide a basis, albeit limited, for this court to entertain Sanchez' habeas petition. See, e.g., *Orozco v. United States Immigration And Naturalization Service,* 911 F.2d 539, 541 (11th Cir.1990). Moreover, any legislation purporting to completely deny habeas review in immigration cases may potentially conflict with the prohibition against suspension of the writ found in Article 1, Section 9 of the United States Constitution. See *Mbiya v. Immigration & Naturalization Service,* 930 F.Supp. 609, 611 (N.D.Ga.1996): "[L]egislation enacted pursuant to Congress' plenary power over immigration necessarily is 'subject to judicial intervention under the paramount law of the Constitution.'" (citing *Carlson v. Landon,* 342 U.S. 524, 537, 72 S.Ct. 525, 532–533, 96 L.Ed. 547 (1952)).

Nonetheless, a district court's jurisdiction to consider an alien's habeas petition is narrow. A district court's jurisdiction to consider habeas petitions that challenge final deportation orders has always been limited as the result of the clear statutory law favoring a review by the circuit courts of appeal concerning final deportation orders, rather than

---

1. While the parties both state that Sanchez was given until July 28, 1996 to depart voluntarily from the United States, certain documents contained in the Administrative Record indicate that Sanchez was given until July 26, 1996 to depart. See, e.g., AR at 103–106. Nevertheless, for purposes of this action, the court assumes that Sanchez was given until July 28, 1996 to depart voluntarily from the United States.

a review by the district courts. See *Daneshvar*, 644 F.2d at 1250–1251. Thus, under previous law, a district court could have considered a habeas corpus petition filed by an alien who challenged a deportation proceeding only if: (1) the alien was in custody at the time when the petition was filed and (2) the alien was not challenging the final order of deportation, but, rather, was challenging the denial of discretionary relief from deportation. *Id.* Moreover, as the provisions of the AEDPA make clear, Congress desired "to restrict all judicial review of final orders of deportation to the greatest extent possible." *Mbiya*, 930 F.Supp. at 612. Thus, courts which have addressed the issue of the scope of habeas review after the passage of the AEDPA have tended to limit habeas relief only to instances involving a "fundamental miscarriage of justice." *Powell v. Jennifer*, 937 F.Supp. 1245 (E.D.Mich.1996); *Mbiya*, 930 F.Supp. at 612.

█ However, this court need not address the precise scope of habeas relief available to an alien seeking review of a deportation order because Sanchez, the petitioner in this action, was not "in custody" at the time that she filed her petition on July 25, 1996. See *Allen v. Dowd*, 964 F.2d 745, 746 (8th Cir.) (custodial status evaluated on date when the petition is filed), *cert. denied*, 506 U.S. 920, 113 S.Ct. 335, 121 L.Ed.2d 253 (1992); see, also, Liebman & Hertz, *Fed. Habeas Corpus Prac. & Proc.* § 8.2(b) (2d ed.1995). "The custody requirement of [28 U.S.C. § 2241] is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Municipal Court*, 411 U.S. 345, 351, 93 S.Ct. 1571, 1574, 36 L.Ed.2d 294 (1973). Physical custody is not required, but the petitioner must show that she is subject to "restraints not shared by the public generally" to meet the custodial requirements of 28 U.S.C. § 2241. *Jones v. Cunningham*, 371 U.S. 236, 240–242, 83 S.Ct. 373, 376, 9 L.Ed.2d 285 (1963).

█ Thus, an alien is "in custody" for habeas purposes not only when the alien is confined in a facility for detention, but also when the alien's movement is restricted as the result of "any final order of deportation."

*Daneshvar*, 644 F.2d at 1251. Sanchez filed her petition on July 25, 1996. At that time, as the parties have stipulated, Sanchez was not in the actual or physical custody of the INS. Moreover, on July 25, 1996 Sanchez was not subject to a final order of deportation, but had, instead, been granted a voluntary departure. See AR at 26: "[I]f respondent fails to depart as required, the [voluntary departure] order shall be withdrawn without further notice or proceedings and the following order shall thereupon become immediately effective: respondent shall be deported to Mexico on the charge(s) in the Order to Show Cause." Therefore, on the date when Sanchez filed her petition, she was not subject to restricted movement or other restraints that were not required of the public generally and, consequently, Sanchez was not "in custody" as required by 28 U.S.C. § 2241. Cf. *Galaviz–Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir.1994) (petitioner is in custody when a detainer is lodged and there is an outstanding final order of deportation), *cert. denied*, 513 U.S. 1086, 115 S.Ct. 741, 130 L.Ed.2d 643 (1995); *Campillo v. Sullivan*, 853 F.2d 593, 596 (8th Cir.1988) (no custody where detainer is filed with prison officials in the absence of an existing final order of deportation), *cert. denied*, 490 U.S. 1082, 109 S.Ct. 2105, 104 L.Ed.2d 666 (1989); *United States ex rel. Marcello v. District Director*, 634 F.2d 964, 971 (5th Cir.) (petitioner is in custody when the petitioner is under supervised parole and required to report quarterly to INS as well as report to INS before leaving the state), *cert. denied*, 452 U.S. 917, 101 S.Ct. 3052, 69 L.Ed.2d 421 (1981); *Velazquez v. INS*, 876 F.Supp. 1071, 1074 (D.Minn.1995) (petitioner is in custody when the petitioner has been released on INS bond and is ordered to report for deportation); *Ijoma v. INS*, 854 F.Supp. 612, 616 n. 10 (D.Neb.1993) (petitioner is in custody when placed in actual custody of INS); *Isaraphanich v. Sava*, 663 F.Supp. 120, 122 (S.D.N.Y. 1987) (petitioner is not in custody when released on INS bond and there is no showing the petitioner is prohibited from engaging in certain activities); *United States v. Morris*, 426 F.Supp. 976, 978 (E.D.Pa.1977) (petitioner is in custody when extension applications

are denied and final orders of deportation are issued).

Moreover, if Sanchez has complied with the terms of her voluntary departure order, and, hence, is no longer in the United States, this court lacks jurisdiction over her habeas petition. See *Terrado v. Moyer*, 820 F.2d 920, 921–922 (7th Cir.1987) (district court lacks subject matter jurisdiction when alien was deported; after deportation, alien is no longer "in custody"). The court is unable to ascertain from the record whether the petitioner is still in the United States.

The court is sympathetic to the plight of the petitioner. If Sanchez waits until she is in the custody of the INS to file her petition, she loses the benefit of the order authorizing her voluntary departure from the United States and is subject to a final order of deportation and the serious consequences of such ordered deportation. However, on the basis of the present record, any future custody of Sanchez is purely speculative and cannot support this court's jurisdiction pursuant to 28 U.S.C. § 2241. Consequently, the court finds and concludes that Sanchez' "Petition For Writ of Habeas Corpus" (filing no. 1) shall be, and hereby is, dismissed for lack of subject matter jurisdiction.

THEREFORE, IT IS ORDERED:

(1) That the "Petition For Writ Of Habeas Corpus" (filing no. 1) filed by the petitioner, Maria Angelina Sanchez, is dismissed because this court lacks jurisdiction; and

(2) That the stay of deportation ordered by this court (filing no. 2) is vacated and set aside under the circumstances.